UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CR-75-2-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AMADOU BALDE | ) | |

This matter is before the court on defendant's various pretrial motions. (DE ## 33–38, 44.) The government filed an omnibus response to the motions. (DE # 49.) The court address the motions *seriatim*.

I. Motion to Compel Disclosure of the Identity and Whereabouts of Government Witnesses (DE # 33)

Defendant requests that the court compel the government to disclose the identity and location of its witnesses, confidential informants, and agents. Based on discovery the government has provided, defendant claims that two cooperating witnesses have identified him as being involved in the instant offenses, and he seeks the opportunity to interview the government's witnesses prior to trial. The government objects to identifying any of its witnesses prior to trial, but it represents that, at any rate, it is unaware of any witness, including any cooperating witness, whose identity has not been disclosed in discovery. (Resp., DE # 49, at 4.)

> "Absent a special showing of need, the government in a criminal case has no duty to provide the names or whereabouts of its witnesses." United States v. Swain, 2008 WL 717720, at *3 (E.D.N.C. March 17, 2008) (citing United States v. Anderson, 481 F.2d 685, 693 (4th Cir. 1973)). The burden is on the defendant to establish the need for disclosure before the government's intended release of the information. Rugendorf v. United States, 376 U.S. 528, 534–35 (1964); United States v. Blevins, 960 F.2d 1252, 1258–59 (4th Cir. 1992). Defendant must "come forward with something more than speculation as to the usefulness of such

> disclosure." United States v. Smith, 780 F.2d 1102, 1108 (4th Cir.
> 1985) (en banc). "One of the most important factors to be
> considered is the materiality of the evidence to the defendant's
> particular defense." Id. (citing United States v. Grisham, 748 F.2d
> 460, 463 (8th Cir. 1984); United States v. Barnes, 486 F.2d 776,
> 778 (8th Cir. 1973)).

United States v. Foreman, No. 2:10-CR-00026-H, 2011 WL 677270, at *1 (E.D.N.C. Feb. 15, 2011).

Defendant has professed nothing more than a generalized need. Furthermore, accepting the government's representation, the identities of witnesses *have* been disclosed. The motion to compel disclosure of the identity and whereabouts of the government's witnesses is DENIED.

    II.  Motion to Exclude Witnesses (DE # 34)

Pursuant to Federal Rule of Evidence 615, defendant requests that the court order witnesses excluded from trial so they cannot hear each other's testimony. The government does not object to this request, (Resp., DE # 49, at 5), and the court must order witness exclusion upon a party's request. The motion is ALLOWED. The government is permitted to designate a representative who may remain in the courtroom throughout trial, even if such representative is expected to testify. See Fed. R. Evid. 615(b). The court warns the parties that they are responsible for ensuring their witnesses do not violate this order.

    III.  Motion for Production of Presentence Reports of Government Witnesses (DE # 35)

Defendant seeks the disclosure of the presentence investigation reports ("PSRs") of the government's witnesses. Defendant claims that impeachment evidence, such as information pertaining to a witness' physical or mental health issues, and Brady/Giglio material might be in

2

the PSRs.[1]  (Mot., DE # 35, at 2-3.)  The government opposes the motion on the ground that defendant has not made a sufficient showing to warrant disclosure of any PSRs, and at any rate, it is unaware of any witnesses who have PSRs.  (Resp., DE # 49, at 5.)

"[T]he confidentiality of PSRs has always been jealously guarded by the drafters of the federal rules, and by the federal courts."  United States v. Trevino, 89 F.3d 187, 192 (4th Cir. 1996) (citation omitted).  "[A]s a prerequisite to an *in camera* review, an accused must plainly articulate how the information contained in the PSR will be both material and favorable to his defense."  Id. at 192-93 (footnote omitted).  "Groundless fishing expeditions" are not permissible.  Id. at 192.

The court agrees with the government that the motion for disclosure of PSRs should be denied.  First, defendant has not identified with any particularity *whose* PSR should be disclosed. More importantly, he has not clearly specified what information he expects the PSRs to reveal. His generalized contentions, such as information about a witness' physical or mental health might show an effect on the witness' perception of events, do not suffice.

The motion for production of PSRs is DENIED.

IV. Motion for Notice of Government's Intention to Use Residual Hearsay Exception (DE # 36)

Defendant requests that the court order the government to provide notice of its intent to offer any statement under the residual hearsay exception, Federal Rule of Evidence 807.  The government responds that it is unaware of any evidence which would require the advance notice mandated by Rule 807, but it will nonetheless abide by the rule.  (Resp., DE # 49, at 5.)

---

[1] Pursuant to Brady, the government is required to disclose evidence "that is both favorable to the accused and 'material either to guilt or to punishment.'"  United States v. Bagley, 473 U.S. 667, 674 (1985) (quoting Brady v. United States, 373 U.S. 83, 87 (1963)).  This requirement includes disclosure of evidence that could potentially be used to impeach a government witness.  Giglio v. United States, 405 U.S. 150, 154 (1972).

Accordingly, the motion is ALLOWED to the extent the government seeks to introduce evidence covered by Rule 807, and the government shall provide notice in accordance with that Rule.

V. Motion for Early Production of Brady/Giglio and Jencks Material (DE # 37)

Defendant seeks an order directing the government to produce various materials it is required to produce under Brady/Giglio and the Jencks Act, 18 U.S.C. § 3500, at least 30 days prior to trial, which is currently set for 11 July 2013.[2] Of the eight types of materials defendant specifically seeks, (see Mot., DE # 37, at 1-2), the government responds that it has no documents responsive to those types identified as 1) and 2) and that it has already produced in discovery all materials identified in 3) through 7). (Resp., DE # 49, at 6.) As for 8), the government states that it intends to produce the criminal records of any of its witnesses when it is determined which witnesses will testify at trial. (Id. at 6-7.)

Based on the government's response, the motion is DENIED as moot to the extent it seeks production of materials identified in 1) through 7). The motion is DENIED as to the criminal records of the government's witnesses at least 30 days prior to trial. The government is reminded of its continuing obligation to produce Brady/Giglio material "in time for its effective use at trial," United States v. Smith Grading & Paving, Inc., 760 F.2d 527, 532 (4th Cir. 1985) (citation omitted), and its obligation to produce Jencks Act material defendant has requested upon the witness' direct examination at trial (although the government is not precluded from voluntarily producing such material prior to that time), United States v. Lewis, 35 F.3d 148, 150-51 (4th Cir. 1994).

---

[2]Defendant also requests that the government be ordered to produce such information at least seven days prior to any hearing on the motions to suppress. For the reasons discussed below, the court finds that a hearing on the motions to suppress is not necessary.

4

VI. Motion to Suppress Identification (DE # 38)

Defendant moves to suppress any identification of him as the perpetrator on the ground that the out-of-court procedures law enforcement officers used were unnecessarily suggestive. Defendant acknowledges that he "has not received complete information about the circumstances of the identification at this time" and thus requests, at an evidentiary hearing, that he be permitted to "inquire into the circumstances of the identification . . . ." (Mot., DE # 38, at 3.) It appears that the reason defendant lacks information about the circumstances of the identification is, according to the government, because no out-of-court identification of defendant occurred. The government explains that no witness has been subjected to any pretrial identification procedure, including the storage unit manager who police questioned about the individuals who rented a particular unit at the storage facility. (Resp., DE # 49, at 3, 7-8.) Accordingly, there is nothing to suppress, and defendant's motion is DENIED.

V. Motion to Suppress (DE # 44)

Defendant also moves to suppress any statements made by him to law enforcement officers and all evidence obtained as a result of a search of his hotel room. Defendant contends that following his arrest and placement in an interview room, he stated that he wanted to speak with his attorney. (Mor., DE # 44, at 2.) According to defendant, law enforcement officers did not stop their questioning, but rather, asked defendant questions about a watch on his person, where he was staying in the area, and whether he would consent to a search of the hotel room in which he was staying. (Id.) Defendant argues that the search of the hotel room, without a warrant, violated the Fourth Amendment and evidence obtained from that search should be suppressed. (Id. at 2-3.)

5

The government responds that defendant's post-arrest interview was audio and video-recorded. (Resp., DE # 49, at 3.) The government acknowledges that after defendant was advised of his Miranda rights, he stated, "I want to talk to my lawyer." (Id. at 2, 9.) It further acknowledges that questioning of defendant about where he was staying in the area and about the watch on his person continued after he had invoked his right to counsel. (Id. at 2-3, 9.) Defendant responded that he was staying at a hotel in Durham whose name and location he could not remember. (Id.) The officers purportedly did not request consent to search his hotel room. (Id. at 9.) Sheik Fofanah, the co-defendant, had already informed the officers that he and defendant were staying at the Comfort Inn in Durham. (Id. at 2.) Based on the information from Fofanah and defendant's confirmation that he was staying in a hotel in Durham, the officers obtained a warrant to search defendant's room (that warrant and supporting affidavit have supposedly been disclosed to defendant in discovery). (Id. at 3.) It is not clear what defendant said about the watch on his person, but the officers took it from him as evidence. (Id. at 3, 9.)

Despite a request at the beginning of the motion to suppress all statements he made, the only legal argument that defendant advances pertains to suppression of the evidence obtained from the search of his hotel room. (See Mot., DE # 44, at 1-3.) The argument rests on a purported Fourth Amendment violation because law enforcement officers searched the room without a warrant and continued interrogating defendant after he had invoked his right to counsel. (Id. at 3.) That law enforcement officers obtained a warrant to search the hotel room dispenses with defendant's Fourth Amendment claim regarding the search as defendant does not contend that the search was otherwise unreasonable. Insofar as defendant seeks suppression of all statements he made to law enforcement officers after he invoked his right to counsel and in response to their interrogation, defendant has not identified what, if any, incriminating

statements he made. To the extent defendant seeks to suppress any such statements, the court will deny the motion without prejudice to defendant renewing the motion at trial.

This 4 June 2013.

                                              W. Earl Britt
                                              Senior U.S. District Judge