UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CR-75-2-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AMADOU BALDE | ) | |

This matter is before the court on defendant's motion for a new trial. (DE # 86.) The government has filed a response in opposition to the motion. (DE # 95.)

In March 2013, defendant and his co-defendant, Sheik Fofanah, were indicted in this court on four charges, arising out of their conduct on 28 March 2012:[1] (1) conspiracy to fraudulently use counterfeit access devices in violation of 18 U.S.C. § 371; (2) fraudulent use of counterfeit access devices and aiding and abetting the same in violation of 18 U.S.C. §§ 2 and 1029(a)(1); (3) fraudulent possession of multiple counterfeit and unauthorized access devices and aiding and abetting the same in violation of 18 U.S.C. §§ 2 and 1029(a)(3); and (4) fraudulent possession of device-making equipment and aiding and abetting the same in violation of 18 U.S.C. §§ 2 and 1029(a)(4). After obtaining three continuances, beginning 3 September 2013, defendant was tried over the course of three days, during which the jury heard the testimony of several law enforcement and non-law enforcement witnesses, including co-defendant Fofanah, who had, by that time, pled guilty pursuant to a plea agreement to one of the instant charges against him. On 5 September, the jury found defendant guilty of all charges. On 23 September, defendant filed the instant motion for a new trial.

---

[1] Defendant and Fofanah were arrested on this date in Wake County, North Carolina on related, North Carolina charges. According to the government, defendants remained in state custody until their initial appearances on the instant federal charges. (Resp., DE # 95, at 2.)

Although defendant cites to Rules 29 and 59 of the Federal Rules of Criminal Procedure as supporting his motion, it is evident that he is actually seeking relief pursuant to Rule 33. (See Mot., DE # 86, at 1.) "Rule 33 allows a district court to [u]pon the defendant's motion, . . . vacate any judgment and grant a new trial if the interest of justice so requires. . . . A court should exercise its discretion to grant a new trial sparingly, and . . . it should do so only when the evidence weighs heavily against the verdict." United States v. Lam, 677 F.3d 190, 203 (4th Cir. 2012) (internal quotation marks and citations omitted) (most alterations in original).

According to defendant, after trial, he learned that Fofanah was convicted of similar charges after his arrest on the charges in this case. (Mot., DE # 86, at 1.) Fofanah did not disclose this conviction on cross-examination at defendant's trial, and government counsel did not become aware of the conviction until after the trial. (Id. at 1-2; see also Resp., DE # 95, at 6-7.)

According to the government, prior to trial, on 10 April 2013, the government produced to defendant a copy of Fofanah's 29 March 2012 NCIC[2] criminal history report. (Resp., DE # 95, at 2.) That report reveals Fofanah's 2008 and 2011 convictions in Pennsylvania state court, dismissed Pennsylvania state charges, pending 28 March 2012 Wake County, North Carolina charges, and a pending 2011 U.S. Immigration and Customs Enforcement ("ICE") deportation proceeding. (Resp., Ex. 1, DE # 95-1.) On 6 September 2013, the day after defendant's trial concluded, there was some discussion between a probation officer and the government's counsel during which the probation officer mentioned that following his arrest on 28 March 2012, Fofanah had been charged and convicted in Moore County, North Carolina of obtaining property

---

[2] NCIC is the Federal Bureau of Investigation's National Crime Information Center, which is a law enforcement clearinghouse of crime data. See http://www.fbi.gov/about-us/cjis/ncic.

by false pretenses. (Resp., DE # 95, at 6-7.) On 9 September 2013, another NCIC report was generated and produced to defendant. That report indicates that, in addition to the aforementioned charges and convictions (with the 28 March 2012 Wake County, North Carolina charges having been dismissed for the instant federal prosecution), Fofanah had been arrested on 16 April 2012 by the Carthage, North Carolina Police Department (which is located in Moore County) and charged with obtaining property by false pretenses and financial identity fraud arising out of conduct on 7 February 2012.[3] (Resp., Ex. 2, DE # 95-2.) According to his Presentence Report, Fofanah pled guilty to the obtaining property by false pretenses charge on 12 December 2012, and the other charge was dismissed. (PSR, DE # 88, ¶ 17.)

In light of the foregoing, defendant contends that

> [h]ad the defendant been aware of the additional charges/convictions of the co-defendant Fofanah, said defendant would have had an opportunity to cross-examine the co-defendant on such charges, their timing, [and] the fact that the co-defendant had made trips to North Carolina previously that included such illegal conduct.

(Mot., DE # 86, at 2.)

To determine whether the newly disclosed fact of Fofanah's obtaining property by false pretenses conviction warrants a new trial, defendant must demonstrate the following:

> (a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

---

[3]The 9 September 2013 report does not reflect the existence, or disposition, of the ICE deportation proceeding, the disposition of the 16 April 2012 state charges, or the existence of the instant federal charges.

> "Without ruling out the possibility that a rare example might exist, [the Fourth Circuit Court of Appeals has] never allowed a new trial unless all five elements were established."

United States v. Robinson, 627 F.3d 941, 948 (4th Cir. 2010) (citations omitted). "[N]ew evidence going only to the credibility of a witness does not generally warrant the granting of a new trial." United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993) (citation omitted).

Defendant has not satisfied each of the elements necessary for granting a new trial. Most significantly, the fact of Fofanah's felony obtaining property by false pretenses conviction is classic impeachment evidence. No other purpose would be served by its admission, and this case is not an exceptional one, see id. (identifying a narrow category of cases which would justify granting a new trial based solely on newly discovered impeachment evidence: "'If the government's case rested entirely on the uncorroborated testimony of a single witness who was discovered after trial to be utterly unworthy of being believed because he had lied consistently in a string of previous cases, the district judge would have the power to grant a new trial in order to prevent an innocent person from being convicted'" (quoting United States v. Taglia, 922 F.2d 413, 415 (7th Cir. 1991))).

While Fofanah's testimony was certainly key evidence against defendant, other independent evidence, such as video recordings from retail stores showing defendant using fraudulent credit cards and evidence seized from his hotel room, corroborated defendant's involvement in criminal activity with Fofanah. Furthermore, defendant was not completely diligent in discovering Fofanah's 2012 North Carolina conviction. Defense counsel questioned Fofanah about his involvement in credit card fraud going back to 2005, his Pennsylvania credit card fraud conviction, and his conviction in this court, (9/4/13 Tr., DE # 94, at 34, 38, 40-41), yet

4

she did not specifically ask him whether he had been convicted of any other felony or a crime involving a dishonest act or false statement, which should have elicited the existence of the subject conviction.

Finally, if the case were retried, it is not probable an acquittal would result. The jury was aware that Fofanah had engaged in credit card fraud for a number of years and that he had even made trips to North Carolina *without defendant* to do so, (id. at 34). As the government points out, "Fofanah was painted as a career fraudster, with and without defendant [], despite having suffered the consequences of conviction and direction not to do the crime again." (Resp., DE # 95, at 10.) One more avenue of attack on Fofanah's credibility would not likely result in a different verdict.

Because defendant cannot establish all the factors necessary to warrant a new trial based on newly discovered impeachment evidence, defendant's motion is DENIED.

This 12 November 2013.

_____
W. Earl Britt
Senior U.S. District Judge